IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANGELO ARDO**<br>3665 Windy Rd.<br>Orefiled PA 18069<br><br>And<br><br>**JEAN MONAGHAN, individually and as personal representative/administrator of the Estate of her son, ANTHONY ARDO**<br>1382 Good Road,<br>Bangor, PA 18013<br><br>　　　　　Plaintiff(s),<br>　　v.<br><br>**OFFICER EDDIE PAGAN in his individual capacity as a Pennsylvania State Police Trooper**<br>1800 Elmerton Ave.<br>Harrisburg, PA 17110<br><br>And<br><br>**OFFICER JAY SPLAIN in his individual capacity as a Pennsylvania State Police Trooper**<br>1800 Elmerton Ave.<br>Harrisburg, PA 17110<br><br>And<br><br>**COMMONWEALTH OF PENNSYLVANIA**<br>1800 Elmerton Ave.<br>Harrisburg, PA 17110<br><br>　　　　　Defendant(s) | No.: 18-05217<br><br>**JURY TRIAL OF TWELVE (12) DEMANDED** |

**FIRST AMENDED
CIVIL ACTION COMPLAINT**

I. **JURISDICTION & VENUE**

1. Jurisdiction in this Honorable Court is based on federal question 28 U.S.C. §1331; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

2. Venue is proper in the Eastern District of Pennsylvania, as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district at Northampton County, Pennsylvania.

## II.   PARTIES

3. Plaintiff, Angelo Ardo, is an adult individual residing at the above-captioned address and is the father of Anthony Ardo, deceased.

4. Plaintiff, Jean Monaghan, is an adult individual residing at the above-captioned address and is the mother of Anthony Ardo, deceased.

5. Plaintiffs, Ardo and Monaghan are the beneficiaries of Anthony Ardo's estate. Plaintiff, Monaghan was granted letters of administration on April 24, 2018. *See* Exhibit A

6. Defendant, Jay Splain, is an adult individual, who at all times material herein formerly acted individually, and/or as an agent, servant, workman, and/or employee of the Pennsylvania State Police, acting under the color of state law.

7. Defendant, Eddie Pagan, is an adult individual, who at all times material herein formerly acted individually, and/or as an agent, servant, workman, and/or employee of the Pennsylvania State Police, acting under the color of state law.

8. Defendant, Commonwealth of Pennsylvania has offices at the above-captioned address.

## III.   OPERATIVE FACTS

9. On or about May 20, 2017, Angelo Ardo received a text message from Anthony Ardo, his son stating that he was going to kill himself.

10. Anthony was in a state of distraught after a fallout with Monaghan, his mother, due to his continued drug use.

11. Anthony lived with Monaghan at her home and worked on her farm.

12. The previous day, May 19, 2017, Monaghan received a temporary protection from abuse order removing Anthony from the home.

13. On the morning of May 20 2017, Anthony went to Monaghan's home to collect some personal items and left without incident.

14. Anthony soon began texting suicidal pleas to Ardo.

15. Ardo's wife, Patricia Ardo, called the Suicide Prevention Hotline concerning Anthony.

16. Patricia thereafter contacted Monaghan regarding Anthony's texts.

17. Monaghan in turn contacted Defendant Pennsylvania State Police (hereinafter referred to as "PSP").

18. Defendants Splain and Pagan arrived at Monaghan's home at approximately 8:51 am.

19. While at the residence, Anthony and Monaghan spoke on the phone.

20. Anthony was still in a state of distress and continued making threats of self-harm, stating he would "shoot anti-freeze into his veins", "get a gun and shoot himself" and "blow himself up with fire crackers".

21. Defendants, Splain and Pagan were present and overheard Anthony make threats of self-harm.

22. At all material times, Defendants, Splain and Pagan were aware that Anthony Ardo was suicidal and mentally unstable.

23. Since they did not know where Anthony Ardo was presently, Defendants, Splain and Pagan hatched a plan to lure the decedent back to the Plaintiff, Jean Monaghan's home.

Defendants, Splain and Pagan instructed Plaintiff, Jean Monaghan to call Anthony Ardo and promise him money to come back to the house. Plaintiff, Jean Monaghan cooperated and Anthony Ardo agreed to come back to the house.

24. During the third phone call, which was on speaker as well, Defendants, Splain and Pagan overheard Anthony Ardo state that he had a firework strapped to his neck.

25. Approximately thirty minutes later, Anthony Ardo arrived at Plaintiff, Jean Monaghan's home. However, Anthony Ardo did not exit the vehicle.

26. As a result, Defendants, Splain and Pagan exited the rear of the home, entered their vehicles, and raced around the house and blocked Anthony Ardo's vehicle.

27. Defendants, Splain and Pagan, with their weapons drawn, providing verbal commands for Plaintiff to raise his hands and exit the vehicle. Defendant-Officers, Splain and Pagan then shoot an initial eight bullets into the vehicle, then an additional three, ultimately killing Anthony Ardo.

28. Defendants, Splain and Pagan did not attempt any suicide prevention techniques or negotiations.

29. Video was captured of the incident from a Police Vehicle; however, it does not begin until after the Officers began shooting. The video does show a four second gap between the initial eight shots fired and the final three shots fired; it is believed that the final three shots killed the decedent.

30. Between the first set and second set of shots, the firing officer, Defendants, Splain took two steps closer to the vehicle and then shoot the final three bullets.

31. Defendant, Splain he did not see any weapon between the two sets of shots and did not provide any verbal commands or otherwise attempt to deescalate the situation.

32. Following the shooting, Defendants were not interviewed by the authorities for approximately on month, during which time Defendants spoke together on more than one occasion concerning the incident.

33. In fact, Defendants were provided the video footage to review *prior* to their interview to ensure their testimony lined up with the evidence.

34. After the death of Anthony, Patricia Ardo again called the Suicide Prevention Hotline to discuss what happened to Anthony and it was clear this suicide prevention attempt was inappropriately handled by PSP.

35. In fact, law enforcement officers are tasked with de-escalating situations with persons in crisis or suffering from mental illnesses.   Pa. Gen. Ass. House Bill 221, PN 0464 & PN 039 (2015).

36. The actions of the Defendants were undertaken knowingly, intentionally, negligently, recklessly, maliciously and/or with reckless disregard for Anthony's safety.

37. The actions taken by PSP as it relates to the investigation of this matter and the lack of video footage during the initial encounter with Anthony, allowed Defendants Splain and Pagan the ability to craft their statements in a way that would allow for a finding of justified use of deadly force.

38. As a direct and proximate result of Defendants' actions and misconduct, Plaintiffs suffered physical injury, severe emotional distress, psychological damage, lost wages, and lost earning capacity.

**IV.    COUNTS OF ACTION**

<u>**COUNT I**</u>
**Wrongful Death and Survival Action**
*Plaintiffs v. Defendants, Splain and Pagan*

39. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

40. Defendants failed to serve and protect Anthony, failed to prevent his suicide attempt, failed to engage him in any suicide prevention techniques and used deadly force on him effectuating his death.

41. The Defendants knowingly, willfully, recklessly and maliciously refused to yield the investigation to the DA and, as such, benefitted from their preferential treatment.

42. Due to Defendants negligence, unlawful violence, and wrongful acts, as described inter alia, Plaintiffs have suffered economic loss and loss of future earnings caused by Anthony's death.

43. Plaintiffs have suffered harm due to Defendants conduct.

## COUNT II
**Excessive Force/Assault and Battery**
*Plaintiffs v. Defendants, Splain and Pagan*

44. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

45. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

46. At the time of Defendants' conduct, Plaintiff had not committed any infraction otherwise to legally justify the force used by Defendants.

47. Defendants' actions stated above, inter alia, were committed under color of state law and were violations of Plaintiff's clearly established and well settled Constitutional and other legal rights.

48. Defendants placed Plaintiff in fear of physical harm and contact and then physically harmed and contacted Plaintiff without justification. Plaintiff suffered excessive force by their wrongful conduct all in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq., and at Common Law.

## COUNT III
**Violations of the Americans with Disabilities Act**
*Plaintiffs v. Defendant, Commonwealth of Pennsylvania*

49. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

50. Upon information and belief, Troopers of the Commonwealth of Pennsylvania State Police have a history of violating the legal rights of individuals within Pennsylvania, including through the use of excessive force.

51. Subsequent to the events giving rise to this action, it is believed and therefore averred that the leadership of the Commonwealth of Pennsylvania State Police has received notice of the deficiency of its policies, practices, and procedures, particularly surrounding its Use of Force policy concerning disabled individuals, particularly mentally disabled individuals and/or emotionally disturbed individuals.

52. The Commonwealth of Pennsylvania State Police has developed a Use of Force policy that fails to provide reasonable accommodations to disabled individuals, particularly mentally disabled individuals and/or emotionally disturbed individuals.

53. The Commonwealth of Pennsylvania State Police's failure to develop a Use of Force policy, upon information and belief, has led to a history of violating the legal rights of individuals within Pennsylvania, including through the use of excessive force.

54. Instead, leadership of the Commonwealth of Pennsylvania State Police has ratified and condoned the history of violations of individuals' legal rights, particularly those individuals with a mental disability and/or who are emotionally disturbed.

55. At all material times hereto, Anthony was suffering from a mental disability and/or was an emotionally disturbed individual was qualified to receive services from the Commonwealth of Pennsylvania, including appropriate accommodations under the Americans with Disabilities Act.

56. The Commonwealth of Pennsylvania violated Anthony's federally guaranteed right to be free from discrimination on the basis of his disability by failing to make reasonable modifications to its policies, practices, and procedures to ensure that his needs as an individual with a disability would be met. Instead, due to the Commonwealth of Pennsylvania failure to adopt reasonable modifications, Anthony was subjected to the acts and omissions referred to herein.

57. As a direct and proximate result of the said deprivation, Anthony was injured as more fully described herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court enter judgment in their favor and against Defendants, individually, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000.00), plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

  a. Statutory Damages;

  b. Punitive Damages;

  c. Compensatory Damages, including:

d. Actual Damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, and emotional distress;

e. Attorneys' fees and expenses, costs of suit, and equitable relief.

f. Injunctive relief, to wit: educational training.

Respectfully submitted,

**WEISBERG LAW**

*/s/ Matthew B. Weisberg*
Matthew B. Weisberg, Esquire
PA Attorney ID No.: 85570
L. Anthony DiJiacomo, III, Esquire
PA Attorney ID #: 321356
7 S. Morton Avenue
Morton, PA 19070
(610) 690-0801
(610) 690-0880 – Fax
mweisberg@weisberglawoffices.com
adijiacomo@weisberglawoffices.com

**SCHAFKOPF LAW**

*/s/ Gary Schafkopf*
Gary Schafkopf, Esquire
Attorney Id. No.: 83362
11 Bala Ave.
Bala Cynwyd, PA 19004
(610) 664-5200 Ext. 104
1-888-238-1334 – Fax
gschafkopf@gmail.com

*Attorneys for Plaintiff*