IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELO ARDO, et al., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OFFICER EDDIE PAGAN, et al., | : | |
| | : | |
| Defendant. | : | NO. 18-5217 |

**DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT**

Defendants Pennsylvania State Police, Troopers Eddie Pagan and Jay Splain (collectively, "Defendants"), by the undersigned counsel, hereby answer Plaintiffs' Second Amended Complaint as follows:

**JURISDICTION AND VENUE**

1. These allegations constitute conclusions of law to which no response is required.

2. These allegations constitute conclusions of law to which no response is required.

**THE PARTIES**

3. Defendants lack sufficient knowledge and information to form a belief as to the truth of these allegations; they are thus denied.

4. Defendants lack sufficient knowledge and information to form a belief as to the truth of these allegations; they are thus denied.

5. Defendants lack sufficient knowledge and information to form a belief as to the truth of these allegations; they are thus denied. Exhibit A speaks for itself.

6. Admitted that Defendant Jay Splain is an adult individual, who at all times material herein acted as an employee of the Pennsylvania State Police. The remaining allegations constitute conclusions of law to which no response is required.

7. Admitted that Defendant Eddie Pagan is an adult individual, who at all times material herein acted as an employee of the Pennsylvania State Police. The remaining allegations constitute conclusions of law to which no response is required.

8. Admitted.

## OPERATIVE FACTS

9. Defendants lack sufficient knowledge and information to form a belief as to the truth of these allegations; they are thus denied.

10. Defendants lack sufficient knowledge and information to form a belief as to the truth of these allegations; they are thus denied.

11. Defendants lack sufficient knowledge and information to form a belief as to the truth of these allegations; they are thus denied.

12. Admitted.

13. Admitted in part and denied in part. Admitted that Anthony Ardo went to Monaghan's home on the morning of May 20, 2017, in violation of the Protection from Abuse order. The remaining allegations are denied as written.

14. Defendants lack sufficient knowledge and information to form a belief as to the truth of these allegations; they are thus denied.

15. Defendants lack sufficient knowledge and information to form a belief as to the truth of these allegations; they are thus denied.

16. Defendants lack sufficient knowledge and information to form a belief as to the truth of these allegations; they are thus denied.

17. Admitted that Monaghan contacted Pennsylvania State Police on May 20, 2017.

18. Denied as written. Admitted that Trooper Pagan arrived at Monaghan's home at approximately 8:51 a.m. and Trooper Splain arrived a short period of time after that.

19. Admitted.

20. Denied as written. Admitted that Anthony Ardo continued making threats of exploding a bomb to blow up himself and others, including use of an explosive. The remaining allegations are denied as written.

21. Denied as written. Admitted that Defendants Splain and Pagan heard Anthony Ardo's threats of exploding a bomb. The remaining allegations are denied as written.

22. Denied.

23. Denied as written. Admitted that, due to her desire to aid the troopers in finding her son, Jean Monaghan agreed to offer Anthony Ardo money if he came to the house. Admitted that Anthony Ardo agreed to return to the house. The remaining allegations are denied as written.

24. Denied as written. Admitted that, during a third phone call between Anthony Ardo and Monaghan, Troopers Splain and Pagan heard Anthony Ardo state that he had a bomb strapped to his neck and threaten to harm himself and others. The remaining allegations are denied as written.

25. Admitted.

26. Denied as written. Admitted that Troopers Splain and Pagan exited the house by the rear to enter their marked police vehicles to follow Anthony Ardo, who had started moving the vehicle in a sign of leaving. The remaining allegations are denied as written.

27. Denied as written. Admitted that Troopers Splain and Pagan exited their vehicles when Anthony Ardo stopped, approached Anthony Ardo's vehicle with their weapons drawn,

identifying themselves as State Police and ordering him to raise his hands and exit the vehicle. The Troopers only fired shots into the vehicle after Trooper Pagan saw Anthony Ardo light a lighter, attempting to light an explosive device strapped near his neck. The remaining allegations are denied as written.

28. Denied.

29. Denied as written. Two videos were created from Trooper Pagan and Trooper Splain's vehicles. Those videos speak for themselves. Denied that it is possible to know which specific bullet killed the decedent.

30. Denied as written. The video speaks for itself.

31. Denied as written. Trooper Splain issued several commands to Anthony Ardo. The remaining actions are depicted on the video, which speaks for itself.

32. Admitted that Troopers Splain and Pagan were not interviewed for approximately one month. The remaining allegations are denied.

33. Denied.

34. Denied.

35. Denied as written.

36. Denied.

37. Denied.

38. These allegations constitute conclusions of law to which on response is required.

## COUNT I
### Wrongful Death and Survival Action
*Plaintiffs v. Defendants, Splain and Pagan*

39. This is an incorporation paragraph, to which no response is required.

40. These allegations constitute conclusions of law to which on response is required.

41. These allegations constitute conclusions of law to which no response is required.

42. These allegations constitute conclusions of law to which no response is required.

43. These allegations constitute conclusions of law to which no response is required.

## COUNT II
### Excessive Force/Assault and Battery
*Plaintiffs v. Defendants, Splain and Pagan*

44. This is an incorporation paragraph, to which no response is required.

45. These allegations constitute conclusions of law to which on response is required.

46. These allegations constitute conclusions of law to which on response is required.

47. These allegations constitute conclusions of law to which on response is required.

48. These allegations constitute conclusions of law to which on response is required.

## COUNT III
### Violations of the Americans with Disabilities Act
*Plaintiffs v. Defendant, Pennsylvania State Police*

49. This is an incorporation paragraph, to which no response is required.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. These allegations constitute conclusions of law to which on response is required.

57. These allegations constitute conclusions of law to which on response is required.

**AFFIRMATIVE DEFENSES**

1. Defendants Splain's and Pagan's actions are protected from liability by the doctrine of qualified immunity.

2. The wrongful death, survival action, and assault and battery claims, and any other claims brought under state law, are barred by the doctrine of sovereign immunity.

3. Pennsylvania State Police is immune under the 11th Amendment against the ADA claim.

|  |  |  |
|---|---|---|
|  |  | JOSH SHAPIRO<br>ATTORNEY GENERAL |
|  | BY: | /s/ Kathy A. Le<br>KATHY A. LE |
| Office of Attorney General<br>1600 Arch Street, Suite 300<br>Philadelphia, PA 19103<br>Phone: (215) 560-2141<br>Fax:    (717) 772-4526 |  | Deputy Attorney General<br>Attorney I.D. No. 315677<br><br>KAREN M. ROMANO<br>Chief Deputy Attorney General<br>Civil Litigation Section<br><br>Counsel for Defendants |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELO ARDO, et al., | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| OFFICER EDDIE PAGAN, et al., | : | |
| Defendant. | : | NO. 18-5217 |

**CERTIFICATE OF SERVICE**

I, Kathy A. Le, hereby certify that on February 16, 2021, Defendants' Answer to the Second Amended Complaint has been filed electronically and is available for viewing and downloading from the Court's Electronic Case Filing System ("ECF"). The ECF System's electronic service of the Notice of Electronic Case Filing constitutes service on all parties who have consented to electronic service.

BY: /s/ Kathy A. Le
KATHY A. LE
Deputy Attorney General